## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DONALD RICHARD CHILDS II, ) | |
|         Plaintiff, ) | Case No.  2:14-cv-01572-MMD-CWH |
| vs. ) | **ORDER** |
| CAESARS PALACE CORP., ) | |
|         Defendant. ) | |

      This matter is before the Court on Plaintiff's Motion for Written Depositions (#39), filed January 12, 2015.  Plaintiff is proceeding *pro se* and, therefore, his filings are liberally construed. *E.g. Erickson v. Pardus*, 551 U.S. 88, 94 (2007).  Nevertheless, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *see Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986), and "must follow the same rules of procedure that govern other litigants." *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

      After review, the undersigned finds good cause to *sua sponte* enter a protective order precluding further discovery activities until such time as the parties conduct a Rule 26(f) conference and file a stipulated discovery plan and scheduling order. *See Millenium Holding Group, Inc. v. Sutura, Inc.*, 2007 WL 121567 (D. Nev.) (a court may *sua sponte* issue a protective order for good cause shown) (citing *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002) ("[T]he Court may sua sponte grant a protective order for good cause shown."). Pursuant to Federal Rule of Civil Procedure 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]"  *See* Fed. R. Civ. P. 26(d)(1). This case is not exempted from initial disclosure under Rule 26(a)(1)(B) and discovery has not been authorized by the rules, stipulation, or court order. *Id*.  Thus, prior to serving any discovery, Plaintiff must initiate a Rule 26(f) conference and the parties must submit a stipulated discovery

plan and scheduling order in compliance with Local Rule 26-1(d).  The pendency of the motion to stay (#36) does not relieve the parties of the obligation to participate in good faith in fashioning a discovery plan, the failure to do so being sanctionable conduct under Rule 37(f).

Moreover, given that there has not been a Rule 26(f) conference and there is no scheduling order in place, Defendants need not respond to Plaintiff's previously propounded discovery requests.  The time period for response to any prematurely propounded discovery requests will be measured from the date of entry of a discovery plan and scheduling order.  As a result of this order, that portion of Defendants' motion to stay requesting alternative relief in the form of a protective order is denied as moot.  This order does not affect the motion to stay (#36), which will be addressed by separate order.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Written Depositions (#39) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Protective Order (#38) is **denied as moot**.

DATED: January 16, 2015.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**