UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DONALD RICHARD CHILDS II,

                             Plaintiff,

v.

CAESARS PALACE CORP.,

                            Defendant.

Case No. 2:14-cv-01572-MMD-CWH

ORDER

## I.   SUMMARY

Plaintiff, proceeding pro se, asserts claims arising from an incident where he was detained by Defendants' employees for trespass. Defendants moved for dismissal and for a more definite statement while Plaintiff moved for leave to amend. (Dkt. nos. 5, 6, 12, 18.) The Court granted Plaintiff leave to file his First Amended Complaint ("FAC"). (Dkt. no. 19.) Defendants have again moved for dismissal. (Dkt. no. 22) Plaintiff has moved for judgment on the pleadings. (Dkt. no. 21.)

## II.   BACKGROUND

The following facts are taken from the FAC. Plaintiff has a registered mailbox inside the Flamingo Hotel and Casino ("Flamingo Hotel") and has been a "frequent patron of the Flamingo since October 2012." (Dkt. no 22 at 7.) On the night of August 25, 2014, when Plaintiff went into the men's restroom at the Flamingo Hotel, three Flamingo Hotel security guards followed him and asked "if he had ever been trespassed from the property." (*Id.* at 7-8.) Plaintiff denied that he had been. One of the security guards responded that Plaintiff "looked like somebody that had been trespassed from

the property before." (*Id.*) They requested Plaintiff's identification, which he provided. (*Id.*) A couple of minutes later, Tony A., a Caesars Palace security guard, entered the men's restroom and informed Plaintiff that he "was being arrested for trespassing." (*Id.* at 8.) Plaintiff responded that "all information was provided on the ID, and were there not cameras on the property to prove that the incorrect person was being accosted." (*Id.*) Tony A. responded that Plaintiff did not have an ID when he was caught. (*Id.*) Plaintiff countered that "there was probably a misunderstanding in progress" and asked if they have evidence to support the claim that they recognized him. (*Id.*) Tony A. then "raised his hand, raised his voice, and pointed his finger" at Plaintiff and stated it was Plaintiff who was "caught sleeping in the tower." (*Id.*) The three Flamingo Hotel security guards "forcibly handcuffed" Plaintiff and then "forcibly 'escorted'" Plaintiff into the back office area of the Flamingo. (*Id.* at 9.)

Plaintiff was held inside a holding area in the back office area of the Flamingo Hotel. (*Id.*) One of the Flamingo Hotel security guards read him Nevada's trespass statute and informed Plaintiff that he "was in effect, banned by law and can never return to the Flamingo or any other Caesars Palace Corp. property." (*Id.*) An officer with the Las Vegas Metropolitan Police Department ("Metro Officer") arrived; after receiving accounts of the event, the Metro Officer refused to arrest Plaintiff despite insistence by the security guards, but issued a citation to Plaintiff for trespassing. (*Id.*at 9-11) During the questioning by the Metro Officer, Plaintiff explained that the person being pursued for trespass had no identification while Plaintiff had proper identification and a Rewards Card from Caesars Entertainment. (*Id.* at 8, 10.) Another Flamingo Hotel security guard, Olga W., represented to the Metro Officer that "she was the one who personally trespassed Plaintiff from the Property . . . for being disorderly," which is contrary to Tony A.'s earlier claim. (*Id.* at 11.) Plaintiff asked Olga W. (the Flamingo Hotel security guard) if Caesars Palace was restricting access to his mail and she affirmed that he was denied such access. (*Id.*) Plaintiff was released after being unlawfully detained for about two hours. (*Id.* at 11.)

Plaintiff alleges that he was subject to unreasonable use of force, unreasonable seizure and false arrest in violation of his due process rights, and obstructed from accessing his mail. (*Id.* at 4-7.) The FAC names three defendants, Caesars Palace Corp. ("CPC"),[1] Caesars Entertainment Resort Properties, LLC ("CERP"), and Flamingo Las Vegas Operating Company, LLC. ("Flamingo"). (*Id.* at 2.) Plaintiff alleges seven claims for relief: negligence, excessive use of force and false arrests in violation of the Fourteenth, Fourth and Eighth Amendments and NRS § 171.1235 (counts I, IV, V, VI, and VII) pursuant to 42 U.S.C. § 1983; and "Deprivation of Civil Rights" and malicious prosecution pursuant to 42 U.S.C. § 1985 (counts II, III). (*Id.* at 4-11.)

## III.    REQUEST FOR JUDICIAL NOTICE

The Court grants Defendants' request that the Court take judicial notice of two public records. (Dkt. no. 25.) *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n. 1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201). The first document is a copy of the Business License Detail Information, which shows Flamingo as the owner of the Flamingo Las Vegas located at 355 S. Las Vegas Blvd in Las Vegas. (*Id.* at 18-24.) The second document shows that CERP is a managing member of Flamingo.[2] (*Id.* at 27-28.) The Court denies both parties' remaining requests for judicial notice. (Dkt. Now. 29, 31.)

## IV.    MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff's motion for judgment on the pleadings is based on the contention that Defendants have failed to timely respond to the FAC. (Dkt. no. 23.) Defendants counter that their response — the motion to dismiss — was timely filed when considering the additional three days for service. (Dkt. no. 24 at 4.) Defendants are correct.

---

[1]Defendant CPC indicates that its correct name is Caesars Palace Corporation. (Dkt. no. 24 at 1.)

[2]In Plaintiff's response to Defendants' previous motion to dismiss, he pointed out this relationship. (Dkt. no. 11 at 7.) However, Plaintiff has not alleged that the corporate shell is not maintained.

Plaintiff filed the FAC on November 6, 2014. (Dkt. no. 22.) Pursuant to Fed. R. Civ. P. 15(a)(3) and 5(5), Defendants had seventeen (17) days from service of the FAC, or November 23, 2014, to respond. Because November 23, 2014, was a Sunday, the deadline extended to the next day, November 24. Defendants filed their motion to dismiss on November 21, 2014, ahead of the response deadline. (Dkt. no. 24.) Plaintiff's motion is therefore denied.

## V.   MOTION TO DISMISS

### A.   Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint fails

to "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration omiitted) (quoting Fed. R. Civ. P. 8(a)(2)). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Mindful of the fact that "[t]he Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants," the Court will view Plaintiff's pleadings with the appropriate degree of leniency. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

### B.   Discussion

Defendants raise several arguments, including (1) they did not act "under the color of law," which is one of the essential elements of Plaintiff's § 1983 claims; and (2) Plaintiff has not demonstrated that he is a member of a protected class or that the wrongful action was taken in furtherance of a conspiracy, which are two essential elements of his § 1985 claims. (Dkt. no. 22 at 5-11.). In addition, Defendants CPC and CERP (collectively referred to as "the Caesars Defendants") argue that they should be dismissed because the FAC fails to state a claim against them. (*Id.* at 11-12.). In his response, Plaintiff claims for the first time that he is an African-American citizen of African and Native American descent and can therefore establish that he is a member of a protected class to assert claims under § 1985. (Dkt. no. 28 at 3.)

### 1.   Claims Against the Caesars Defendants

The Caesars Defendants argue that they are not proper parties because the alleged incident occurred on Flamingo's property, over which they have no ownership or control. (Dkt. no. 12 at 11-12.) Plaintiff's response states that his allegations show that ///

the Caesars Defendants and Flamingo were acting in "agreement" and that CERP performed the arrest while Flamingo executed the arrests. (Dkt. no. at 3.).

The only allegation that implicates the Caesars Defendants is the claim that Tony A.'s name tag identified him as a Caesars Palace security guard. (Dkt. no. 22 at 8.) Plaintiff alleges that Tony A. appeared in the men's restroom at the Flamingo Hotel and purportedly identified Plaintiff as the person who had trespassed previously. (*Id.*) Tony A. was present briefly in the back room at Flamingo Hotel where Plaintiff was detained, and left after he refused to give Plaintiff his last name. (*Id.* at 9.) In addition, Plaintiff alleges that he asked a Flamingo security guard whether Caesars Palace was going to restrict access to his mail. (*Id.* at 11.) Plaintiff does not clarify why he would ask a Flamingo employee about what Caesars Palace would do with respect to his mail, particularly given his allegation that his mail box is on Flamingo's property.

Plaintiff's allegations are not enough "to raise a right to relief [against the Caesars Defendants] above the speculative level." *See Twombly*, 550 U.S. at 555. Although Plaintiff's allegations suggest that Tony A. was, at least in some capacity, representing Caesars Palace during the incident in the men's restroom, Plaintiff has failed to allege whether Tony A. was acting as an employee or representative of Caesars Palace and acting within the course and scope of his employment with either CPC or CERP. Merely stating that Tony A. wore a Caesars Palace name tag does not amount to a claim that is "plausible on its face" against the Caesars Defendants. *Iqbal*, 556 U.S. at 678. Furthermore, the same deficiencies infect Plaintiff's claim that he asked a a Flamingo guard whether Caesars Palace would restrict his access to his mailbox. Other than Plaintiff's inquiry, the FAC lacks allegations that support a plausible claim that the Caesars Defendants somehow improperly denied Plaintiff access to his mailbox.

In sum, the Court agrees with the Caesars Defendants that the FAC fails to state a claim against them. The Court cannot conclude, however, that Plaintiff would be unable to cure these deficiencies if he were given leave to amend. *See Lopez v. Smith*,

203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (noting that unless a court finds that a party could not possibly cure the deficiencies in its complaint, the court should grant leave to amend even absent a party's request for it). The Court will therefore dismiss Plaintiff's claims against the Caesars Defendants with leave to amend.

### 2. Section 1983 Claims

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Defendants argue that § 1983 does not cover private actors like them. However, a private entity may be subject to liability under § 1983 in certain situations. *Villegas v. Gilroy Garlic Festival Ass'n,* 541 F.3d 950, 954 (9th Cir.2008). The Ninth Circuit has identified four different criteria for determining when private actors may be involved in a state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Kirtley v. Rainey,* 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Sutton v. Providence St. Joseph Med. Ctr.,* 192 F.3d 826, 835-36 (9th Cir.1999). "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." *Id.* "State action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Villegas,* 541 F.3d at 955 (9th Cir.2008) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295 (2001)). The court, moreover, must begin its analysis with the presumption ///

that private conduct does not constitute governmental action. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999).

The allegations in the FAC, even accepted as true, do not show a close nexus between the state and Defendants' action. The incident occurred on private property inside the Flamingo Hotel. Accepting as true Plaintiff's allegations that Defendants' employees acted as "law enforcement" pursuant to NRS § 171.1235[3] when they took him into custody, Defendants' employees notified Metro and turned the matter over to the Metro Officer. Plaintiff does not allege that the Metro Officer took any joint action with Defendants. In fact, according to Plaintiff, the Metro Officer made inquiries of Plaintiff as well as of Defendants' employees, and, after receiving accounts from Defendants' employees, the Metro Officer "stated that he would not comply with their request to arrest the Plaintiff but that he would issue a citation." (Dkt. no. 22 at 10.) These allegations do not show joint government action or a close nexus between Defendants' action, as private actors, and state action. Because the Court finds that Defendants' alleged action does not amount to state action as a matter of law, Defendants are not subject to liability under § 1983. Plaintiff's § 1983 claims (counts I, IV, V, VI, and VII) are dismissed with prejudice.

### 3. Section 1985 Claims

Defendants argue that Plaintiff's § 1985 claim fails because Plaintiff failed to allege that he is a member of a protected class, and because Plaintiff cannot establish a conspiracy among Defendants.[4] Plaintiff asserts, for the first time in his response brief,

---

[3]NRS § 171.1235 authorizes employees of a gaming licensee to detain any person who they have reasonable cause to believe has committed a felony, provided that detention "shall be in the establishment, in a reasonable manner, for a reasonable length of time and solely for the purpose of notifying a peace officer."

[4]Citing *Caldiera v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989), Defendants also argue that Plaintiff's failure to state a § 1983 claim means that he cannot state a claim under § 1985(3) based on the same facts. (Dkt. no. 24 at 10.) But *Caldiera* court stated that "the absence of a section 1983 *deprivation of rights* precludes a section 1985 conspiracy claim predicated on the same allegations." *Caldiera*, 866 F.3d at 1182 (emphasis added). The Court has not concluded that Plaintiff failed to allege a deprivation of rights in his § 1983 claim. Rather, the Court finds that Plaintiff failed to establish a sufficient nexus between the wholly private Defendants and a state *(fn. cont…)*

1   that he is a member of a protected class because he is an African American of African

2   and Native American descent. (Dkt. no. 28 at 2.) Plaintiff further insists that CERP and

3   Flamingo conspired to detain him in violation of 42 U.S.C. § 1985. (*Id.* at 3.)

4   In counts II and III of the FAC, Plaintiff alleges two claims under 42 U.S.C. §

5   1985 based on the same incident at the Flamingo Hotel. Count II alleges a violation of

6   § 1985 in the fabrication of evidence and falsely arresting Plaintiff in violation of his due

7   process rights. (Dkt. no. 22 at 4.) Count III alleges a conspiracy "to deprive any person

8   of the equal protection of the law." While Plaintiff does not identify the particular

9   provision of § 1985, it appears that Plaintiff is trying to assert a claim under the first

10  clause of § 1985(3).

11  The first clause of §1985(3) provides, in pertinent part that, a conspiracy to

12  interfere with civil rights occurs "[If] two or more persons in any State or Territory

13  conspire . . . for the purpose of depriving, either directly or indirectly, any person or

14  class of persons of the equal protection of the law." 42 U.S.C. § 1985(3). "To state a

15  cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to

16  deprive any person or class of persons of the equal protection of the laws, . . . (3) an act

17  by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury,

18  property damage, or a deprivation of any right or privilege of a citizen of the United

19  States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980). The absence of an

20  allegations of a conspiracy, or of "a racially or class-based, invidiously discriminatory

21  animus behind the actions" at issue may be grounds for dismissal. *Id.*

22  Plaintiff's § 1985(3) claim is deficient in several respects. First, Plaintiff failed to

23  allege in the FAC that he is a member of a protected class — his clarification regarding

24  his race appeared for the first time in his response brief. (*See* dkt. no. 22; dkt. no. 28 at

25  2.) Even if Plaintiff had alleged that he is a member of a protected class in the FAC, he

26

27  *(... fn cont.)*

    action. Although this deficiency renders his § 1983 claim untenable, it does not suggest

28  that Plaintiff failed to allege a deprivation of rights.

never links his membership in that class to the actions that Defendants allegedly carried out. His allegations fall short of stating that a conspiracy existed, and that a "discriminatory animus" motivated Defendants' actions. *Gillespie*, 629 F.2d at 641. Thus, even setting aside the fact that the FAC does not allege that Plaintiff is in a protected class, Plaintiff has not alleged the other requisite elements of his § 1985 claim. Although the Court will dismiss the claim for this reason, the Court finds that Plaintiff might be able to cure these deficiencies with leave to amend.

Finally, Defendants argue that Plaintiff's § 1985(3) claim must fail as a matter of law because, according to the so-called "intra-corporate conspiracy" doctrine, a conspiracy cannot exist between employees of a corporation and the corporation itself. (Dkt. no. 24 at 11.) It is not clear whether, in the Ninth Circuit, this doctrine is applicable in the civil rights context. *See United States v. Hughes Aircraft Co., Inc.*, 20 F.3d 974 (1994) ("While this doctrine has been extended by some circuits to civil rights cases, other circuits have declined to do so, and we have reserved the issue." (citations omitted)). Moreover, the Court need not resolve this issue at this point in the proceedings because the Court has already concluded that Plaintiff failed to allege the essential elements of his § 1985(3) claim — that a conspiracy existed, and that a discriminatory animus prompted Defendants' actions.[5] *Gillespie*, 629 F.2d at 641.

Because Plaintiff has failed to state a plausible claim for relief under § 1985(3), the Court will dismiss his claim with leave to amend.

### 4.    Leave to Amend

If a court grants a motion to dismiss, it must then decide whether to grant leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the

---

[5]Indeed, if Plaintiff cures the noted deficiencies regarding the Caesars Palace Defendants, then this argument would become a non-issue because, even assuming the intra-corporate conspiracy doctrine applies, the alleged conspiracy would involve actors associated with different corporate entities.

allegation of other facts." (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995))). Rule 15(a) provides that the court should "freely give" leave to amend when, as the Supreme Court has noted, there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). Generally, leave to amend is denied only when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

With regard to Plaintiff's claims against the Caesars Defendants and under § 1985(3), the Court cannot conclude that the noted deficiencies cannot be cured with amendment. Accordingly, the Court dismisses those claims with leave to amend.

## VI.   CONCLUSION

It is therefore ordered that Defendants' motion to dismiss (dkt. no. 24) is granted. Plaintiff's claims under 42 U.S.C. § 1983 are dismissed with prejudice. Plaintiff's claims against the Caesars Defendants and his claims under 42 U.S.C. § 1985(3) are dismissed with leave to amend. Plaintiff will have twenty (20) days to file an amended complaint to cure the deficiencies identified in this Order. Plaintiff's failure to timely file an amended complaint will result is dismissal of this action with prejudice.

It is further ordered that Plaintiff's motion for judgment on the pleadings (dkt. no. 23) is denied.

DATED THIS 5th day of November 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE