UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD RICHARD CHILDS II,<br><br>    Plaintiff,<br>v.<br><br>CAESARS PALACE CORP.,<br><br>    Defendant. | Case No. 2:14-cv-01572-MMD-CWH<br><br>ORDER |

**I.   SUMMARY**

Plaintiff, proceeding pro se, sued three Defendants — Caesars Palace Corp. ("CPC"),[1] Caesars Entertainment Resort Properties, LLC ("CERP"), and Flamingo Las Vegas Operating Company, LLC. ("Flamingo") — based on an incident where he was detained by Defendants' employees for trespass. (ECF No. 22 at 2.) In response to Defendants' motion, the Court dismissed Plaintiff's claims under 42 U.S.C. § 1983 with prejudice, and dismissed his claims against CERP and CPC and his claims under 42 U.S.C. § 1985(3) with leave to amend. (ECF No. 47.) Plaintiff ultimately filed a Second Amended Complaint ("SAC") where he added two additional Defendants: Caesars Linq, LLC ("Caesars Linq") and Cromwell Manager, LLC ("Cromwell").[2] (ECF Nos. 60, 61.) Defendants now move for dismissal. (ECF Nos. 63.) Plaintiff opposes and Defendants

---

[1] Defendant CPC indicates that its correct name is Caesars Palace Corporation. (ECF No. 24 at 1.)

[2] CPC and Cromwell are included in the two notices of suggestion of bankruptcy. (ECF Nos. 41, 52.)

have replied. (ECF Nos. 66, 70.) For the reasons discussed below, Defendants' motion to dismiss ("Motion") is granted.

## II. BACKGROUND

The following facts are taken from the SAC. Plaintiff is an African-American. (ECF No. 61 at 1.) Plaintiff has a registered mailbox inside the Flamingo Hotel and Casino ("Flamingo Hotel") and has been a "frequent patron of the Flamingo since October 2012." (*Id.* at 4-5.) On the night of August 25, 2014, when Plaintiff went into the men's restroom at the Flamingo Hotel, three Flamingo Hotel security guards followed him and asked "if he had ever been trespassed from the property." (*Id.* at 5.) Plaintiff denied that he had been. One of the security guards responded that Plaintiff "looked like somebody that had been trespassed from the property before." (*Id.*) They requested Plaintiff's identification, which he provided. (*Id.*) A couple of minutes later, Tony A., a Caesars Palace security guard, entered the men's restroom and informed Plaintiff that he "was being arrested for trespassing." (*Id.* at 8.) Plaintiff responded that "all information was provided on the ID, and were there not cameras on the property to prove that the incorrect person was being accosted." (*Id.*) Tony A. responded that Plaintiff did not have an ID when he was caught. (*Id.*) Plaintiff countered that "there was probably a misunderstanding in progress" and asked if they have evidence to support the claim that they recognized him. (*Id.* at 6.) Tony A. then "raised his hand, raised his voice, and pointed his finger" at Plaintiff and stated it was Plaintiff who was "caught sleeping in the tower." (*Id.*) The three Flamingo Hotel security guards "forcibly handcuffed" Plaintiff and then "forcibly 'escorted'" Plaintiff into the back office area of the Flamingo. (*Id.*)

Plaintiff was held inside a holding area in the back office area of the Flamingo Hotel. (*Id.*) One of the Flamingo Hotel security guards read him Nevada's trespass statute and informed Plaintiff that he "was in effect, banned by law and can never return to the Flamingo or any other Caesars Palace Corp. property." (*Id.*) An officer with the Las Vegas Metropolitan Police Department ("Metro Officer") arrived; after receiving

accounts of the event, the Metro Officer refused to arrest Plaintiff despite insistence by the security guards, but issued a citation to Plaintiff for trespassing. (*Id.*at 7) During the questioning by the Metro Officer, Plaintiff explained that the person being pursued for trespass had no identification while Plaintiff had proper identification and a Rewards Card from Caesars Entertainment. (*Id.* at 7-8.) Another Flamingo Hotel security guard, Olga W., represented to the Metro Officer that "she was the one who personally trespassed Plaintiff from the Property . . . for being disorderly," which is contrary to Tony A.'s earlier claim. (*Id.*.) Plaintiff asked Olga W. (the Flamingo Hotel security guard) if Caesars Palace was restricting access to his mail and she affirmed that he was denied such access. (*Id.* at 9*.)* Plaintiff was released after being unlawfully detained for about two hours. (*Id.*)

A criminal case was filed with Clark County Justice Court ("Criminal Case") and after a trial, the court dismissed the case on May 19, 2015, after imposing a suspended sentence. (*Id.* at 9.)

After he filed this action, on October 21, 2015, Plaintiff entered the Linq Hotel and Casino ("Linq Property") and went to the sports book area. (*Id.* at 9.) Within a few minutes, "Caesars Entertainment" security guards approached him, requested his identification and, after completing a background check on the radio, told Plaintiff that he "was being trespassed for returning under a previous trespass." (*Id.* at 10.) Plaintiff informed them that the judge had dismissed the previous complaint, but he was told they are "still going to trespass" him. (*Id.)*

Plaintiff alleges four claims for relief: "Deprivation of the Thirteenth Amendment" in violation of 42 U.S.C. § 1985(3) (count I); "Deprivation of the right to make and enforce contracts" in violation of 42 U.S.C. § 1981 (count II); "Prohibition against discrimination and segregation in places of public accommodation" in violation of 42 U.S.C. § 2000a (count III); and "Prohibition against deprivation of, intereference with, and punishment for exercising rights and privileges secured by 42 U.S.C. § 2000a-2 (count IV).

## III. REQUEST FOR JUDICIAL NOTICE

Defendants request that the Court take judicial notice of the transcript of Plaintiff's December 2, 2014, misdemeanor trespass trial ("Transcript"). (ECF No. 63 at 8.) Defendants argue that the SAC references the August 2014 incident which formed the basis of the criminal trespass case and the disposition of the Criminal Case formed the basis of Plaintiff's claims against Caesars Linq. (*Id.*) The Court agrees and grants Defendants' request. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n. 1 (9th Cir. 2004) (the court may take judicial notice of the records of undisputed matters of public record under Fed. R. Evid. 201).

The Transcript shows that Plaintiff was informed of the state's deal — dimiss the treaspass charge if Plaintiff agree to stay out of the Flamingo for six months — but he declined. (ECF No. 63-1 at 6-7.) After the bench trial, the court informed Plaintif of his finding of guilt on the trespass charge and the imposition of a thousand dollar fine, which Plaintiff would have 90 days to pay, and 25 days contempt "and suspended that." (*Id.* at 12-13.) The court gave Plaintiff the option of accepting the earlier offer to stay out of the Flamingo for six months and would be given the opportunity to go to the Flamingo once to get his mail and conclude his business, and assuming he complies, the case would be dismissed. (*Id.* at 13.) Plaintiff accepted the offer.

## IV. MOTION TO DISMISS

### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative

level." *Twombly,* 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint fails to "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration omiitted) (quoting Fed. R. Civ. P. 8(a)(2)). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Mindful of the fact that "[t]he Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants," the Court will view Plaintiff's pleadings with the appropriate degree of leniency. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

**B.    Discussion**

Defendants argue that Plaintiff fails to state a claim. The Court will address each claim in turn.

///

5

### 1. 42 U.S.C. § 1985(3) (count I)

Defendants argue that Plaintiff's § 1985 claim fails because Plaintiff cannot establish a conspiracy among Defendants.[3] The first clause of §1985(3) provides, in pertinent part that, a conspiracy to interfere with civil rights occurs "[If] two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the law." 42 U.S.C. § 1985(3). "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, . . . (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage, or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980). The absence of an allegation of a conspiracy, or of "a racially or class-based, invidiously discriminatory animus behind the actions" at issue may be grounds for dismissal. *Id.*

Plaintiff alleges that he is a member of protected class, but as the Court noted in dismissing his claim with leave to amend, Plaintiff never links his membership in a protected class to the actions that Defendants allegedly carried out. His allegations fall short of stating that a conspiracy existed, and that a "discriminatory animus" motivated Defendants' actions. *Gillespie*, 629 F.2d at 641. Plaintiff has not alleged the other requisite elements of his § 1985 claim even though the Court gave him the opportunity to amend.

In response to Defendant's Motion, Plaintiff contends that the SAC "alleges facts from which to infer that the security personnel, two security (managers), and owners of

---

[3]Citing *Caldiera v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989), Defendants again argue that Plaintiff's failure to state a § 1983 claim means that he cannot state a claim under § 1985(3) based on the same facts. (ECF No. 63 at 10.) But *Caldiera* court stated that "the absence of a section 1983 *deprivation of rights* precludes a section 1985 conspiracy claim predicated on the same allegations." *Caldiera*, 866 F.3d at 1182 (emphasis added). The Court did not find that Plaintiff failed to allege a deprivation of rights in his § 1983 claim. Rather, the Court found that Plaintiff failed to establish a sufficient nexus between the wholly private Defendants and a state action. (ECF No. 47 at 9.) Although this deficiency renders his § 1983 claim untenable, it does not suggest that Plaintiff failed to allege a deprivation of rights.

the named entities had an agreement to discriminate against Plaintiff based on his rase." (ECF No. 66 at 3 (emphasis omitted).) However, the SAC does not contain allegations for such an inference to be made. In *Iqbal*, the Supreme Court clarified that mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) *Id.* at 678. Here, Plaintiff does not even recite the elements of his claim in the SAC and his attempt to cure this deficiency in response to Defendants' Motion does not satisfy *Iqbal*'s requirement.

### 2.     42 U.S.C. § 1981 (count II)

Plaintiff alleges that Defendants' actions as alleged in paragraphs 42, 43, 4, 54 and 56 "deprived [him] from enjoying 'all benefits, privlges, terms and conditions of contractual relationship.'" (ECF No. 61 at 3.) Paragraph 4 identifies CERP as a defendant; paragraphs 42 and 43 relate to allegations that he asked a Flamingo Hotel security guard if CPC was restricting access to Plaintiff's mail; paragraphs 54 and 56 relate to the incident where Plaintif was told he would be trespassed from Linq property. (ECF No. 61 at 2, 9, 10.) Defendants argue that Plaintiff fails to identify any contractual relationship, the defendants who impaired such relationship and any alleged acts which intentionally impaired such relationship. (ECF No. 63 at 11.)

Section 1981(a) provides in pertinent part that all individuals "shall have the right . . . to make and enforce contracts." 42 U.S.C. § 1981(a). Section 1981(b) states that "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). As the Supreme Court in *Domino's Pizza, Inc. v. McDonald* explained: "Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship. 546 U.S. 470, 477, (2006).

The SAC fail to identity the "contractual relationship" that has purportedly been impaired by Defendants' alleged conduct. Indeed, the SAC makes no reference to any contractual relationship. In response to Defendants' Motion, Plaintiff contends that he "alleges that, when contract for mailbox rental was made, there were no additional requirements," and the contract was enforced for 22 months and "Defendant(s) deny the right to enforce the mailbox rental contract" only after they began their "filtering compaign." (ECF No. 66 at 4.) However, these allegations are not found in the SAC. Even if the Court were to consider these allegations, Plaintiff nevertheless fails to identify which Defendant denied him the right to enforce the contract for his mailbox rental and how their conduct supports his claim of racial discrimination. The SAC identifies Plaintiff's race and makes allegations that Plaintiff was detained and ejected from Flamingo Hotel and Linq Property because employees of these properties identified him as someone who had trespassed. According to Plaintiff, Flamingo Hotel security guards informed him they were detaining him for trespassing in the August 2014 incident, even though Plaintiff told them they had mistaken him for someone else (ECF No. 63 at 8-9), and "Caesars Entertainment" security guards told Plaintiff that he "was being trespassed for returning under a previous trespass" after they checked his background in the October 2015 incident (*Id.* at 10.) In the Criminal Case, the court found that Plaintiff did trespass and permitted him to have his case dismissed if he would agree to not go to Flamingo's property for six months. (ECF No. 63-1 at 12-13.) In fact, based on the allegations in the SAC, it was Plaintiff who brought up the fact that he had a mailbox and asked if Caesars Palace was restricting access to his mail. (*Id.* at 9.) Moreover, Plaintiff does not allege that Defendants' employees' conduct was motivated by racial discrimination.

### 3. 42 U.S.C. § 2000a (count III) and 42 U.S.C. § 2000a-2 (count IV)

Section 2000a provides that all individuals "shall be entitled to full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . without discrimination or

8

segregation on the ground of race, color, relegation or national origin." 42 U.S.C. § 2000a(a). Section 2000a-2 prohibits interference with the rights secured by Section 2000a. 42 U.S.C. § 2000a-2.

The Court agrees with Defendants that the SAC fails to allege facts supporting Plaintiff's Sections 2000a and 2000a-2 claims. As discussed above, the SAC does not allege that Defendants' employees' actions against Plaintiff were taken due to discrimination based on his race. Absent such allegations, Plaintiff's Section 2000a-2 claim also fails.

In sum, the Court agrees with Defendants that the SAC , even if viewed under the more liberal pleadings standard, should be dismissed for failure to state a claim. *See Hebbe v. Pliler,* 627 F.3d 338, 341-42 (9th Cir.2010) (though pro se pleadings are liberally construed, plaintiff must allege sufficient facts to state a plausible claim).

## V.    LEAVE TO AMEND

The court has discretion to grant leave and should freely do so "when justice so requires." *Id.*; *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Nonetheless, courts may deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Facts raised for the first time in a plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001).

The Court granted Plaintiff leave to amend, but instead of curing the deficiencies of his Complaint, Plaintiff essentially reiterated the same allegations relating to the August 2014 incident, included allegations about an incident that occurred after the fling of this action, added two additional defendants and asserted new claims. The SAC contains conclusory allegatios relating to the four claims and again fails to state a claim.

9

The Court assumes that any amendment would be consistent with arguments made in Plaintiff's response, which do not raise any facts for the Court to find that amendment would not be futile. Under these circumstances, it would be unfairly prejudicial to Defendants to grant Plaintiff leave to amend yet again.

## VI.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Defendant's Motion.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 63) is granted. Plaintiff's claims are dismissed without prejudice and without leave to amend.

The Clerk is instructed to enter judgment in accordance with this Order and close the case.

DATED THIS 19th day of September 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE